The court is 831 Atlantic 2nd 335 at 349 to 350 and the ruling of the Delaware Supreme Court affirming is 903 Atlantic 2nd 736. I think that's good. I think that's 903 Atlantic 2nd 720. There are two rulings in the case of the language at your fingertips where the Delaware Supreme Court said that the contract your relationship with Lorillard is based on or Lorillard's claims are based on implied and express contracts? They simply affirmed. They didn't deal with. Get to the underlying opinion then that they affirmed. Do you have that? Yes. That's the American Legacy Foundation v. Lorillard Tobacco Company. Delaware Chancery Court. All right. Do you have that decision? 831 Atlantic 2nd 335 at 349 to 350. Do you have the language that says that the contract that you had was both express and implied? Well, it deals with express in one place and then it has a separate section dealing with implied, but it's the language that I quoted and there's an extended discussion of it, but the key part of the language, and I'm happy to go back through for more, is non-signatories may implicitly adopt a contract through their conduct rather than through their words. They're making a distinction there between adopting it through conduct is implied, adopting it through words is expressed, and then they go on to have a discussion of that and say this is precisely what has happened here as the foundation has knowingly accepted benefits under the MSA conferred by the tobacco companies in consideration of the promise that the foundation would conduct its activities in specific ways. And so the ruling in the case. All right. So you were subject to an express contract either by adoption or by your conduct? No, what I would say is we are subject to an express contract and an implied contract. It's an either or. The court found that it was both. Essentially they found it was both. They decided they didn't have to decide between the two, and that was affirmed by the Delaware Supreme Court. And when National Union argues that they still said that it was an implied contract. But number two, where they dropped the language of implied contract, they inserted a reference to this decision of the Delaware Chancery Court. In other words, what they were saying is instead of saying it's expressed or saying that it's implied, we're simply going to refer in our allegations to the decision of the Delaware Chancery Court. That's why they dropped it. But the point is, even if they hadn't, even if they hadn't, the point is, not only did they allege it consistently in all of the complaints, including the Delaware amended complaint, but it's a ruling in the case that was affirmed on appeal. It would be enough for liability. It's certainly enough for defense costs. Thank you very much. Thank you very much, Your Honors. I think that because of the complexity of the case and the number of issues that we have to get through, it would be helpful to have a transcript of these proceedings. So I would ask for a transcript of the parties to share the costs. Please speak to the clerk before you leave to arrange for a transcript of the proceedings. I thank you both, Ms. Michaelitis and Mr. Forbes. I'm sorry, Mr. Schor. Very well argued.